UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE LEVINE,

                          Plaintiff,

                v.

APPLE INC.,

                          Defendant.

23 Civ. 8112 (DEH)

**<u>OPINION</u>**
**<u>AND ORDER</u>**

DALE E. HO, United States District Judge:

Before the Court is Defendant Apple Inc.'s motion, made pursuant to Rule 56 of the

Federal Rules of Civil Procedure, for summary judgment to dismiss the claim of negligence by

Plaintiff Valerie Levine.  For the reasons stated below, the motion is **GRANTED.**

**BACKGROUND[1]**

This is a personal injury lawsuit.  Ms. Levine is an 86-year-old woman who sustained

"serious and permanent injury and disability" as a result of a fall at an Apple Store on April 6,

2023.  Compl. ¶¶ 47-49, ECF No. 1-1.  On that day, she was visiting the store for support with

her device and was assigned to an Apple employee named Leah Singleton.[2]  Pl.'s Rule 56.1

Statement ("Pl.'s SOF") ¶¶ 3, 27, ECF No. 25.  Ms. Levine claims that Singleton was walking

towards her when Ms. Levine suddenly found herself on the ground.  *Id.* ¶ 6.  Ms. Levine then

---

[1] The following facts are viewed in the light most favorable to Plaintiff and are taken from the
parties' Rule 56.1 statements of undisputed material fact, the declarations accompanying the
motion papers, and the exhibits attached to those declarations.  Except where otherwise noted,
the Court cites the parties' Rule 56.1 statements only where the adverse party does not dispute
the fact or merely disputes the characterization or contextualization of the fact.  For example,
Ms. Levine denies that certain excerpts from her deposition testimony in Defendants' Rule 56.1
statement are "a true, complete and accurate characterization of the testimony given," but she
does not contest the validity of the deposition transcript itself.  Pl.'s SOF ¶ 11.

[2] Though Ms. Levine initially identified the Apple store employee who assisted her as "Sue," the
employee's name is Leah Singleton.  Pl.'s SOF ¶¶ 4, 27.

saw Singleton's shoes and socks going horizontally across her body, though she denies feeling any physical contact with Singleton or any object preceding the fall.  *Id.* ¶¶ 7, 11; Asche Decl., Ex. B, Levine Dep., at 32-34, 51, ECF No. 21-2.  Ms. Levine asserts that she did not trip, lose her balance, slip on anything, or experience dizziness preceding her fall.  Pl.'s SOF ¶ 51.

Singleton recalls leading Ms. Levine to a table and pulling out a chair for her.  Pl.'s SOF ¶¶ 28, 59-60.  When Singleton turned around, she contends that Ms. Levine was already falling. *Id.* ¶ 28.  Singleton states that she reached out to break Ms. Levine's fall.  *Id.* ¶ 30.  Singleton fell backwards and Ms. Levine does not recall whether Singleton fell too.  *Id.* ¶ 30, Levine Dep. at 36.  There exists no closed-circuit television footage of the interaction.  Pl.'s SOF ¶ 34.

As a result of the fall, Ms. Levine sustained several significant and lasting personal injuries.  She experienced shooting pain in her left femur, which was fractured and required surgery.  Pl.'s SOF ¶¶ 77-78.  She was discharged to a rehabilitation facility, where she completed physical and occupational therapy.  *Id.* ¶ 78.  Ms. Levine experienced bruising, an inability to walk as far as she previously could due to pain and tiredness, pain around her head, and pain in her femur that persisted at least to the time of her deposition.  *Id.* ¶¶ 79-82.  Her husband's care costs related to his dementia increased, as Ms. Levine was no longer able to care for him while she was hospitalized.  *Id.* ¶ 83.

On May 3, 2023, Ms. Levine filed this action in the Supreme Court of the State of New York, alleging Defendant's negligence though respondeat superior.  Pl.'s Mem. Opp'n Mot. Summ. J., ("Pl.'s Br.") at 1, 7, ECF No. 24.  Apple removed this matter to this Court.  Def.'s Mem. Supp. Mot. for Summ. J. ("Def.'s Br.") at 5, ECF No. 19.  Following discovery, Defendant moved for summary judgement.  *Id.* at 1-2.  Ms. Levine opposes the motion.  Pl.'s Br. at 1.

**LEGAL STANDARDS**

Summary judgment is required where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[3] The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23).

Once the moving party has met its burden, the non-moving party must advance more than a "scintilla of evidence." *Anderson*, 477 U.S. at 252. The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996). In ruling on a motion for summary judgment, the court must view all evidence "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson*, 680 F.3d at 236.

**DISCUSSION**

To succeed on a claim of negligence, the plaintiff must show "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom."

---

[3] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

*Chaney v. Starbucks Corp.*, 115 F. Supp. 3d 380, 385 (S.D.N.Y. 2015) (citing *Solomon ex rel. Solomon v. City of New York*, 489 N.E.2d 1294 (N.Y. 1985)).  Here, Apple moves for summary judgment on the second and third elements—breach and causation.  As explained below, the Court concludes that there is no genuine dispute of material fact as to the third element, the cause of Ms. Levine's injury, and grants summary judgment to Apple on that basis.[4]

## I.    Direct Evidence of Causation

Apple first contends that the record is devoid of any direct evidence as to the cause of Ms. Levine's fall.  Def.'s Br. at 6.  The Court agrees.  *See* Def.'s Rule 56.1 Statement ("Def.'s SOF") ¶ 25, ECF No. 20; Levine Dep. at 44 (detailing Ms. Levine's repeated statements that she "didn't know" what had caused her fall).  "The failure to establish the cause of a plaintiff's injury is fatal to a claim of negligence."  *Ascher v. Target Corp.*, 522 F. Supp. 2d 452, 456 (E.D.N.Y. 2007) (granting summary judgement where plaintiff could not state with any specificity what had caused a pot to fall on her foot or where it fell from); *see also Russo v. Costco Wholesale Corp.*, No. 22 Civ. 3130, 2025 WL 487485, at *4 (S.D.N.Y. Feb. 13, 2025) (distinguishing *Ascher* and denying summary judgement where plaintiff identified a plastic cup lid, with video support, as the cause of her fall).

Ms. Levine asserts that an issue of fact exists because Defendant's employees identify differing versions of what may have caused Ms. Levine's fall.  Pl.'s Br. at 2.  However, these potential inconsistencies do not offset Ms. Levine's own absence of evidence.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

---

[4] Because the Court concludes that summary judgment for Apple is appropriate on the issue of causation, it does not address Apple's arguments on the issue of breach—i.e., whether there is any evidence of negligence in the record.

(1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).  Though all evidence must be viewed in Ms. Levine's favor, she does not supply sufficient direct evidence to create a genuine issue of material fact on the element of causation.

## II.    Circumstantial Evidence of Causation

Next Apple contends that there is no circumstantial evidence of the cause of Ms. Levine's fall.  To decide whether a causal conclusion can be drawn by the factfinder without direct evidence of causation, New York courts evaluate three factors: (1) whether the strength of the circumstantial evidence is sufficient to establish causation between defendant's alleged negligence and plaintiff's injury, (2) which party is better positioned to "tell us whether the negligence or defect was in fact likely to be a cause of the injury or whether the injury would have happened regardless," and (3) whether the jurisdiction has expressed a preference for or against liability in the circumstances at issue.  *Est. of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675-76 (2d Cir. 2016).

In their briefs, the Parties discuss only the first factor—whether the strength of the circumstantial evidence is sufficient to establish causation between Defendant's alleged negligence and Ms. Levine's injury.  Def.'s Br. at 8-9; Pl.'s Br. at 3-4.  Here, Ms. Levine speculates that her fall was caused by Singleton tripping over her, given the "puzzling" nature of Singleton's shoes and socks "flying over me."  Pl.'s Br. at 3; Levine Dep. at 42, 44.  In some instances, a plaintiff's beliefs about the cause of her fall may justify denial of a defendant's summary judgement motion.  *See Korn v. Parkside Harbors Apartments, LLC*, 22 N.Y.S.3d 99, 100 (App. Div. 2015).  But courts have generally required that a belief be substantiated by more than speculation.  *See id.* (finding that summary judgement was inappropriate because plaintiff testified that she felt liquid on the floor before she fell).  In this case, Ms. Levine's belief establishes at best only a "scintilla of evidence."  *Anderson*, 477 U.S. at 252.  Though she testifies to seeing Singleton coming towards her before the incident, Ms. Levine denies feeling or seeing anything, from

anyone, come into contact with any part of her body preceding the fall.  Pl.'s Br. at 4; Levine Dep. at 32-34, 112.  Additionally, Ms. Levine does not attest to seeing Singleton trip or offer any notion as to how Singleton's actions may have led to her fall.[5]  *See generally* Pl.'s Br.  Taken together with Ms. Levine's statements expressing her uncertainty about the cause of her fall, Ms. Levine's accounting of the events is insufficient to establish a causal link between Singleton's actions and her injury; there is therefore no dispute of material fact as to this issue.  *See Est. of Gustafson*, 819 F.3d at 677 (affirming grant of summary judgement against plaintiff where her statements created "materially different and contradictory" narratives and gave no support to weak circumstantial evidence as to the cause of plaintiff's fall).

Ms. Levine also argues that Singleton must have caused her injury because "Singleton . . . was the only person in the area when Ms. Levine was knocked down"—and that therefore, no one else could have been the cause of the accident.  Pl.'s Br. at 2.  The record, however—including Ms. Levine's own deposition testimony—indicate that there were in fact a few other people around the area at the time that she fell.  Levine Dep. at 35; Asche Decl., Ex. B, Singleton Dep. ("Singleton Dep."), at 21-22, ECF No. 21-6; Def.'s Reply Supp. Mot. for Summ. J. ("Def.'s Reply") at 3, ECF No. 27.  Circumstantial evidence is only sufficient if it "render[s] other potential causes for the injurious fall sufficiently remote or technical to enable the jury to reach its verdict based not upon

---

[5] As noted above, *see supra* n.1, there is some dispute as to whether Singleton was walking toward Ms. Levine or pulling out a chair for her before Ms. Levine's fall.  In either case, Ms. Levine does not describe, with any specificity, how Singleton's actions directly resulted in her fall.  Ms. Levine does not point to evidence that Singleton was rushing, not watching where she was walking, or otherwise failing to exercise reasonable care preceding Ms. Levine's fall.  *See* Pl.'s Br. at 8.  Moreover, Ms. Levine denies contact with Singleton before her fall.  Levine Dep. at 32-34, 51.  Even if Ms. Levine had evidence of physical contact with Singleton, and could therefore show causation, such contact would not necessarily constitute breach of a duty held by Singleton.  *See Peralta v. La Placita Dominica Mkt. Corp.*, 170 Misc. 2d 340 (N.Y. Sup. Ct., Queens County 1996) (finding no negligence where store employee stepped on plaintiff's foot as plaintiff was turning around).

speculation, but upon the logical inferences to be drawn from the evidence." *Issing v. Madison Square Garden Ctr., Inc.*, 983 N.Y.S.2d 790, 791 (App. Div. 2014); *see also Vega-Santana v. Nat'l R.R. Passenger Corp.*, 956 F. Supp. 2d 556, 561 (S.D.N.Y. 2013) (citing *Ascher*, 522 F.Supp.2d at 456) ("When an accident is just as likely to be attributed to a factor other than the one alleged by a plaintiff, any determination of the cause of the accident is bound to be predicated on sheer speculation, and thus cannot form the basis of a negligence claim.").  Here, the Court finds that Ms. Levine's circumstantial evidence does not render other causes of her fall sufficiently remote. Finally, given Ms. Levine's inability to rule out other potential causes of her fall, her invocation of res ipsa loquitur is also unsuccessful.

While the parties do not address the second and third factors that a court must consider in determining whether circumstantial evidence of causation is sufficient to overcome a motion for summary judgment, the Court addresses them briefly here.  On the second factor (which party is best-positioned to assess causation), although Ms. Levine is as well as or better positioned to convey the cause of her fall—particularly given Singleton's contention that Ms. Levine was already falling when she turned around—the record reflects that Ms. Levine is unable to identify the cause of her fall beyond simple speculation.  Singleton Dep. at 16-17; Levine Dep. at 44.  On the third factor (the jurisdiction's preferences), Ms. Levine has not pointed to any authority showing that this jurisdiction has a preference favoring liability in circumstances like these.

The Court finds that Defendant has met its initial burden of demonstrating the absence of a genuine issue of material fact, and in opposition, Ms. Levine has not identified either direct or circumstantial record evidence such that causation could be reasonably inferred by a jury.

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is **GRANTED** as to Ms. Levine's claim of negligence liability.

7

The Clerk of Court is respectfully requested to terminate ECF No. 18, to enter judgment in favor of Defendant, and to terminate this case.

SO ORDERED.

Dated:  July 7, 2025

New York, New York

_____

DALE E. HO
United States District Judge